DLD-146                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4053
_____

WILLIAM SEAN DAHL; DAMON SMITH;
CHRISTOPHER SANDS; CARLTON LEWIS CALE;
KENNETH E. WOOD, JR.; ROBERT ASBURY

v.

MARY M. JOHNSTON; JAN R. JURDEN;
ANDREA ROCINELLI; T. HENLEY GRAVES;
ATTORNEY GENERAL DELAWARE; STATE OF DELAWARE

William Sean Dahl,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-14-cv-00705)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2015
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: March 31, 2015)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

William Sean Dahl appeals from the District Court's order dismissing a complaint filed by him and five other plaintiffs. For the following reasons, we will summarily affirm.

Dahl and the other plaintiffs, all inmates proceeding pro se and in forma pauperis, filed suit pursuant to 42 U.S.C. § 1983 alleging violations of Title II of the Americans with Disabilities Act ("ADA"). Specifically, the complaint alleged that although the inmates suffered from recognized mental health disorders, they were excluded from participating in Delaware's Violation of Probation Mental Health Court ("Mental Health Court") because they were sex offenders. The complaint named as defendants the State of Delaware, its Attorney General, and each judge who had sentenced the plaintiffs to prison and found them ineligible to participate in Mental Health Court.

The District Court dismissed the complaint pursuant to its screening obligations under 28 U.S.C. § 1915A. The District Court found that the judges had judicial immunity, and that the State of Delaware was immune under the Eleventh Amendment. The District Court dismissed Delaware's Attorney General as a defendant because the complaint did not allege that he was personally involved in causing the harm. Similarly, the District Court found that the complaint failed to allege personal involvement by the judge who sentenced two of the plaintiffs who were later dismissed from the case.

2

Finding that no defendant was properly subject to suit, the District Court dismissed the complaint. Dahl appealed.

We have jurisdiction over Dahl's appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).

In order to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Dahl's complaint does not.

To succeed on a claim under Title II of the ADA, Dahl must establish (1) that he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability. See 42 U.S.C. § 12132; see also Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 553 n.32 (3d Cir. 2007). The complaint alleged that Dahl and the other plaintiffs were excluded from Mental Health Court because they are sex offenders, not because they suffer from qualifying mental-health disorders. In other words, Dahl did not allege any discrimination by reason of his disability, and therefore he failed to state a claim under Title II of the ADA.

3

Moreover, the complaint did not allege that Dahl suffered from any sexual behavior disorders—let alone that such disorders are a qualifying disability for which he cannot be excluded from participating in Mental Health Court. Even if we so construed Dahl's allegations, they would lack merit. See 28 C.F.R. § 35.104 (excluding "sexual behavior disorders" from the definition of "disability" under the ADA). Because Dahl's complaint fails to state a claim, we summarily affirm the District Court's order dismissing his complaint. Moreover, as it is clear that amendment of the complaint would have been futile, the District Court was not required to grant Dahl leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For the foregoing reasons, we affirm the District Court's judgment.